IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THERMO FINNIGAN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No: 04-1505-GMS |
| | ) | |
| APPLERA CORPORATION | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY TO COUNTERCLAIM

Thermo Finnigan LLC ("Thermo") replies to the Counterclaim set forth in Applera

Corporation's ("Applera") Answer and Counterclaim as follows:

17.    Thermo admits the Counterclaim purports to seek a declaratory judgment of

invalidity, noninfringement, and unenforceability of United States Patent No. 5,385,654 ("the

'654 patent"), entitled "Controlled Temperature Anion Separation By Capillary Electrophoresis,"

which was issued on January 31, 1995 to Lenore Kelly, Dean S. Burgi, and Robert J. Nelson.

Thermo denies that Applera is entitled to such relief.

18.    Thermo admits the allegations of Paragraph 18 of the Counterclaim.

19.    Thermo admits the allegations contained in Paragraph 19 of the Counterclaim.

20.    Thermo admits the allegations contained in Paragraph 20 of the Counterclaim.

21.    No answer is required to the allegations contained in Paragraph 21 of the

Counterclaim, which merely state conclusions of law.

22.    Thermo denies the allegations contained in Paragraph 22 of the Counterclaim.

23.    Thermo denies the allegations contained in Paragraph 23 of the Counterclaim.

24.     Thermo denies the allegations contained in Paragraph 24 of the Counterclaim.

(a)     The application is a matter of public record and speaks for itself.  To the extent that subparagraph (a) purports to allege that the application provides a factual basis for the Counterclaim, Thermo denies such allegations in subparagraph (a).  Thermo admits that Spectraphoresis 1000s were sold more than a year prior to the filing date of the application. Thermo denies the remainder of the allegations in subparagraph (a).

(b)     The Examiner's Office Action is a matter of public record and speaks for itself.  To the extent that subparagraph (b) purports to allege that there is a factual basis for the Counterclaim, Thermo denies such allegations in subparagraph (b).

(c)     The response of the applicants and other correspondence between the applicants and the examiner are matters of public record and speak for themselves.  Thermo denies the applicants breached any duty of candor to the United States Patent and Trademark Office.  To the extent that subparagraph (c) purports to allege that there is a factual basis for the Counterclaim, Thermo denies the allegations of subparagraph (c).

(d)     The Examiner's Office Actions, amendments submitted by the applicants, and the Examiner's Notice of Allowability are matters of public record and speak for themselves. To the extent that subparagraph (d) purports to allege that there is a factual basis for the Counterclaim, Thermo denies the allegations of subparagraph (d).

(e)     Thermo denies the allegations of subparagraph (e).

(f)     Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegation in subparagraph (f) that one or more of the applicants or others associated with the filing or prosecution of the application were aware that the Spectraphoresis

-2-

1000 had been placed on sale more than one year prior to the filing date of the application.

Thermo denies the remainder of the allegations in subparagraph (f).

## PRAYER FOR RELIEF

WHEREFORE, Thermo requests entry of judgment in its favor and against Applera as follows:

      A.     Dismiss Applera's Counterclaim with prejudice;

      B.     Enter an Order granting Thermo the relief requested in its Complaint; and

      C.     Award Thermo such other relief as the Court may deem appropriate and just

under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff and Counterclaim Defendant Thermo Finnigan LLC demands a trial by jury on all issues so triable.

*Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
Cottrell@RLF.com
Kelly E. Farnan  (#4395)
Farnan@RLF.com
 Richard, Layton & Finger
One Rodney Square
OF COUNSEL:                 P.O. Box 551
Wilmington, DE 19899
William F. Lee               (302) 651-7700
Wayne L. Stoner           Attorneys for Thermo Finnigan LLC
Stephen M. Muller
Michael Dube
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated:  March 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF which will send notification of such filings and hand

delivered to the following:

>Josy W. Ingersoll
>Adam W. Poff
>The Brandywine Building
>1000 West Street, 17[th] Floor
>Wilmington, DE  19899-0391

I hereby certify that on March 10, 2005 I have sent by Federal Express the foregoing

document to the following non-registered participants:

>Walter E. Hanley, Jr.
>James Galbraith
>Huiya Wu
>Kenyon & Kenyon
>One Broadway
>New York, NY  10004
>
>William G. James, II
>Fred T. Grasso
>Kenyon & Kenyon
>1500 K Street N.W., Suite 700
>Washington, DC  20036

>*Kelly E. Farnan*
>Kelly E. Farnan (#4395)
>Farnan@RLF.com
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899
>Attorneys for Plaintiff