## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

April 20, 2005

**BY E-FILING AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

      Re: *Thermo Finnigan LLC v. Applera Corp.*,
           Civil Action No. 04-1505-GMS

Dear Judge Sleet:

      We write on behalf of both parties to inform the Court regarding an important aspect of the discussions that have occurred between counsel regarding the schedule for this action. The parties are scheduled to appear before the Court for a Local Rule 16.2(b) conference on April 27, 2005 at 10:00 AM. The parties' proposed schedule is included in the Joint Status Report which is being filed today; a courtesy copy is attached to this letter (Exhibit A).

      This action is one of three involving the parties that are assigned to Your Honor. The other two are *Applera Corp. et al. v. Thermo Electron Corp.*, Civil Action No. 04-1230-GMS, and *Thermo Finnigan LLC v. Applera Corp. et al.*, Civil Action No. 05-110-GMS. The parties have agreed to seek consolidation of the 04-1230 and 05-110 actions for at least all pretrial proceedings because they involve the same parties (there are Canadian entities involved that are not parties to the 04-1505 action) and patents in the same technical field (mass spectrometry). The parties have also agreed to seek to have trial in the 04-1230 and 05-110 actions scheduled so as to precede trial in the 04-1505 action. Therefore, in preparing for the Local Rule 16.2(b) conference on April 27 in the above-captioned case, the parties have also discussed and agreed upon a schedule for the 04-1230 and 05-110 cases. That proposed schedule is also attached to this letter (Exhibit B).

      If the Court wishes, the parties are prepared to discuss consolidation of the 04-1230 and 05-110 actions and their proposed schedule for those actions at the conference on April 27. The parties are also prepared to submit a Joint Status Report for each of the 04-1230 and 05-

The Honorable Gregory M. Sleet
April 20, 2005
Page 2

110 actions in advance of the conference. Subject to the Court's approval, both parties respectfully suggest that such a procedure will save time and resources.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III

FLC/bw
Enclosures
cc: Clerk, U.S. District Court (By Hand)
     Josy W. Ingersoll, Esquire (By Hand)
     Walter E. Hanley, Jr., Esquire (By Telecopy)
     William G. James, II, Esquire (By Telecopy)

RLF1-2866628-1

# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERMO FINNIGAN LLC, <br><br> Plaintiff and <br> Counterclaim Defendant, <br><br> v. <br><br> APPLERA CORPORATION, <br><br> Defendant and <br> Counterclaim Plaintiff. | Civil Action No.: 04-1505 |

## JOINT STATUS REPORT
## APRIL 20, 2005

Plaintiff Thermo Finnigan LLC ("Thermo Finnigan") and defendant Applera Corporation ("Applera") submit this Joint Report in preparation for the Status and Scheduling Conference before this Court set for April 27, 2005, at 10:00 a.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b).

1.  **Jurisdiction and Service.** The parties agree that the Court has subject matter jurisdiction over this action and that the Court has personal jurisdiction over both Thermo Finnigan and Applera. At the present time, Thermo Finnigan and Applera believe that all necessary parties have been served and have appeared. Both Thermo Finnigan and Applera, however, reserve their rights to join additional parties within the time limit agreed to in section 7 of this Joint Report.

2.  **Substance of the Action.** This is an action for patent infringement. Thermo Finnigan asserts that Applera has infringed and induced the infringement of U.S. Patent No.

5,385,654 (the "'654 patent") by making, using, importing into, offering for sale, or selling in the United States, and by inducing others to use, import into, offer for sale, or sell in the United States, products that incorporate or use the inventions claimed in the '654 patent, such as the ABI Prism 3700 Genetic Analyzer. The '654 patent covers capillary electrophoresis technology.

Applera denies infringement, and affirmatively asserts that the '654 patent is invalid, unenforceable, and not infringed by Applera. Applera further asserts the affirmative defenses of laches, lapse, and use or manufacture by or for the United States pursuant to 28 U.S.C. § 1498. Applera also has asserted declaratory judgment counterclaims alleging that the '654 patent is invalid, unenforceable, and not infringed by Applera.

3. **Identification of Issues.** The issues in dispute are: whether Applera has infringed or induced the infringement of the '654 patent, whether Applera's infringement of the '654 patent was willful, whether the '654 patent is valid, and whether the '654 patent is enforceable.

4. **Narrowing of Issues.** The parties do not know of any issues that can be narrowed at this time.

5. **Relief.** Thermo Finnigan currently seeks damages in an amount adequate to compensate Thermo Finnigan for Applera's infringement of the '654 patent but in no event less than a reasonable royalty, treble damages, interest on any damages awarded, and costs pursuant to 35 U.S.C. § 284, and reasonable attorney fees pursuant to 35 U.S.C. § 285.

Applera seeks a dismissal of Thermo Finnigan's Complaint, with prejudice. Applera also seeks a declaratory judgment that the '654 patent is invalid and unenforceable and that Applera has not and is not infringing the '654 patent. Applera further seeks its costs and reasonable attorney fees pursuant to 35 U.S.C. § 285.

2

6. **Amendment of Pleadings.** The parties propose that the Court establish an October 7, 2005 deadline for filing a motion to amend the pleadings, as set forth below in Paragraph 8.

7. **Joinder of Parties.** The parties are not aware of any additional parties that should be joined in this action at this time. The parties propose that the Court establish an October 7, 2005 deadline for filing a motion to join additional parties, as set forth below in Paragraph 8.

8. **Discovery.**

Thermo Finnigan anticipates that it will require discovery on each of the following issues:

i. the development and operation of Applera's products that practice the methods claimed in the '654 patent;

ii. Applera's infringement of the claims of the '654 patent;

iii. Applera's willful infringement of the '654 patent;

iv. the sales, revenues, costs, and profits generated by Applera in the manufacture, use, import, sale, or offer for sale of infringing products;

v. the amount of a reasonable royalty;

vi. the factual bases of Applera's affirmative defenses and counterclaims, including any opinion of counsel on which Applera intends to rely;

vii. the conception, development, and reduction to practice of the invention claimed in the '654 patent;

viii. the prosecution of the '654 patent; and

ix. third party discovery on the above listed issues.

Applera anticipates that it will require discovery on each of the following issues:

i. the factual basis for Thermo Finnigan's claims, including literal infringement and infringement under the doctrine of equivalents of the '654 patent;

ii. the prosecution of the '654 patent and its counterparts;

iii. the conception, development, and reduction to practice by Thermo Finnigan, or known to Thermo Finnigan, or by the inventors, of the invention claimed in the '654 patent;

iv. any use, sales, or offers for sale by Thermo Finnigan, or knowledge by Thermo Finnigan of the same of the invention claimed by the '654 patent;

v. documents, products, or systems of or known by Thermo Finnigan or the inventors of the '654 patent that may constitute prior art with respect to the '654 patent;

vi. licensing activities of Thermo Finnigan relating to the '654 patent;

vii. Thermo Finnigan's enforcement of the '654 patent;

viii. the basis for Thermo Finnigan's accusation of willful infringement;

ix. the basis for Thermo Finnigan's damages claims;

x. marketing, sales and profits from sales of capillary electrophoresis products in competition with capillary electrophoresis products, such as the ABI Prism 3700 Genetic Analyzer, including the manufacturing, marketing and sales costs associated with such sales;

xi. royalty rates for patents directed to relevant technology; and

xii. non-party discovery on the above listed issues.

The parties propose the following schedule with respect to the timing of discovery and other matters:

| Event | Proposal |
|---|---|
| **Fact Discovery** | |
| Exchange of Initial Disclosures | May 6, 2005 |
| For any discovery request served by July 1, 2005, a full and complete response/production will be finished by | Sept. 23, 2005 |
| Motion to Amend Pleadings | Oct. 7, 2005 |

| Event | Proposal |
|---|---|
| Motion to Join Additional Parties | Oct. 7, 2005 |
| Notice of Reliance on Advice of Counsel as a Defense to Willful Infringement, Production of Opinions of Counsel, and Production of all Related Materials | Jan. 20, 2006 |
| For any discovery request served by Jan. 1, 2006, a full and complete response/production will be finished by | Feb. 17, 2006 |
| Completion of Fact Discovery | Mar. 17, 2006 |
| **Markman Proceedings** | |
| Submission of Joint Claim Construction Chart | Dec. 22, 2005 |
| Markman Briefs | Opening: 1/19/06<br>Response: 2/9/06 |
| Markman Hearing | Mar. 2, 2006 |
| **Expert Discovery** | |
| Opening Expert Reports (burden of proof) | May 5, 2006 |
| Answering Expert Reports | May 26, 2006 |
| Completion of Expert Discovery | June 23, 2006 |
| **Dispositive Motions** | |
| Letter Briefs Seeking Permission | Opening: 6/19/06<br>Response: 6/26/06<br>Reply: 6/30/06 |
| Submission of Joint Agenda Identifying Daubert Issues | June 30, 2006 |
| Hearing Concerning Permission to File Summary Judgment Motions | July 7, 2006 |
| Hearing to Discuss Daubert Issues | July 7, 2006 |
| Summary Judgment Briefing | Opening: 7/21/06<br>Response: 8/15/06 |

5

| Event | Proposal |
|---|---|
|  | Reply: 8/28/06 |
| Summary Judgment Hearing | Oct. 17, 2006 or at Court's discretion |
| **Trial Phase** |  |
| Motions in Limine | Opening: 1/19/07<br>Response: 1/26/07<br>Reply: 2/1/07 |
| Submission of Joint Proposed Pretrial Order | Feb. 13, 2007 |
| Pretrial Conference | Feb. 27, 2007 |
| Trial | Mar. 19, 2007 |

Thermo Finnigan and Applera propose that at this time the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, except as set forth below, including:

(a)   The parties agree that each party may propound, in total, no more than 50 interrogatories (including discrete subparts) to any other individual party.

(b)   The parties agree that each party may propound, in total, no more than 35 requests for admission (including discrete subparts), except that this limitation shall not apply to requests for admission that are directed to the authenticity of documents or admissibility into evidence of documents.

(c)   At this stage of the case, the parties agree that the limitations of depositions contained in Fed. R. Civ. P. 30(a)(2)(A) should be modified as follows: each side shall have a maximum of 91 hours of depositions, including 30(b)(6) depositions but not including expert depositions. Unless otherwise agreed to by the parties, the deposition of an individual non 30(b)(6) witness is limited to one day of seven hours of actual examination, and no deposition of

6

any witness shall exceed seven hours of examination in a single day. Depositions of expert witnesses are limited to two days and fourteen hours of actual examination. The parties may seek leave of the Court to increase the number of depositions available to one or both of the parties or to seek additional time with particular witnesses. The parties and their counsel agree to cooperate in the scheduling, conduct, and location of all depositions.

9. **Estimated Trial Length.** The parties estimate 7 days for this action to be tried. At the present time the parties do not have any issues that they believe should be bifurcated for trial, except that Thermo Finnigan contends that evidence concerning Applera's counterclaim that the '654 patent is unenforceable due to inequitable conduct should be heard by the Court, not the jury.

10. **Jury Trial.** The parties have demanded a jury trial.

11. **Settlement.** During the Rule 26(f) teleconference, counsel for the parties raised the issue of settlement and the parties agreed to participate in discussions leading to a reasonable resolution of the case. The parties have not otherwise engaged in any settlement discussions. At an appropriate point in time, the parties may request that this matter be referred to a United States Magistrate or an agreed upon mediator for the purpose of exploring the possibility of settlement.

12. **Other Matters.** The parties agree that a Protective Order will be required. The parties will employ their best efforts to reach agreement on the terms of such a Protective Order by May 6, 2005.

13. **Confirmation of Rule 26(f) Teleconference.** Counsel for Thermo Finnigan and Applera have conferred regarding each of the 12 topics listed above.

7

Should the Court have any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

*Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff Thermo Finnigan LLC

Josy W. Ingersoll (#1088)
JIngersoll@ycst.com
Adam W. Poff (#3990)
APoff@ycst.com
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672
Attorneys for Defendant Applera Corporation

OF COUNSEL:
William F. Lee
Wayne L. Stoner
Stephen M. Muller
Michael R. Dube
Lauren B. Fletcher
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

OF COUNSEL:
Walter E. Hanley, Jr.
James Galbraith
Huiya Wu
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 425-7200

William G. James, II
Fred T. Grasso
Kenyon & Kenyon
1500 K Street N.W., Suite 700
Washington, D.C. 20036
(202) 220-4200

Dated: April 20, 2005

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERMO FINNIGAN LLC,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>APPLERA CORPORATION,<br><br>    Defendant and<br>    Counterclaim Plaintiff. | Civil Action No.: 04-1505 |

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____ 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on April 27, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before May 6, 2005.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before October 7, 2005.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than January 20, 2006. If defendant elects to rely on advice of counsel as a defense to willful infringement,

defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than January 20, 2006.

4. **_Markman_ Claim Construction Hearing.** A _Markman_ claim construction hearing shall be held on _____. The _Markman_ hearing is scheduled for a total of ____ hours with each side having ____ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before December 22, 2005, the parties shall submit a final joint claim chart, which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 19, 2006 and answering claim construction briefs on February 9, 2006.

5. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before March 17, 2006. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2006.

    a. Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

2

6.  **Confidential Information and Papers Filed Under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.  **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8.  **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than June 19, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than June 26, 2006. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before June 30, 2006. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on _____ at _____. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions.** Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before July 21, 2006. Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

10. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Status/Daubert Conference.** On or before June 30, 2006, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ to discuss Daubert issues identified in the joint agenda.

13. **Pretrial Conference.** On _____, the Court will hold a Pretrial Conference in Chambers with counsel beginning at _____ a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.

4

RLF1-2866660-1

Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by February 1, 2007. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 13, 2007.

14. **Trial**. This matter is scheduled for a 7 day jury trial beginning at _____ a.m. on _____.

15. **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

Case 1:04-cv-01505-GMS    Document 14    Filed 04/20/2005    Page 18 of 20

EXHIBIT B

**Proposed Schedule for Case Nos. 04-1230, 04-1505, and 05-110**
**Jointly Submitted by the Parties to Judge Sleet**
**April 20, 2005**

| Event | Proposal for Nos. 04-1230 and 05-110 | Proposal for No. 04-1505 |
|---|---|---|
| **Fact Discovery** | | |
| Exchange of Initial Disclosures | May 6, 2005 | May 6, 2005 |
| For any discovery request served by July 1, 2005, a full and complete response/production will be finished by | Sept. 23, 2005 | Sept. 23, 2005 |
| Motion to Amend Pleadings | Oct. 7, 2005 | Oct. 7, 2005 |
| Motion to Join Additional Parties | Oct. 7, 2005 | Oct. 7, 2005 |
| Notice of Reliance on Advice of Counsel as a Defense to Willful Infringement, Production of Opinions of Counsel, and Production of all Related Materials | Jan. 20, 2006 | Jan. 20, 2006 |
| For any discovery request served by Jan. 1, 2006, a full and complete response/production will be finished by | Feb. 17, 2006 | Feb. 17, 2006 |
| Completion of Fact Discovery | Mar. 17, 2006 | Mar. 17, 2006 |
| **Markman Proceedings** | | |
| Submission of Joint Claim Construction Chart | Oct. 28, 2005 | Dec. 22, 2005 |
| Markman Briefs | Opening: 11/18/05 Response: 12/12/05 | Opening: 1/19/06 Response: 2/9/06 |
| Markman Hearing | Jan. 12, 2006 | Mar. 2, 2006 |
| **Expert Discovery** | | |
| Opening Expert Reports (burden of proof) | Mar. 31, 2006 | May 5, 2006 |
| Answering Expert Reports | Apr. 25, 2006 | May 26, 2006 |
| Completion of Expert Discovery | May 22, 2006 | June 23, 2006 |

| Event | Proposal for Nos. 04-1230 and 05-110 | Proposal for No. 04-1505 |
|---|---|---|
| **Dispositive Motions** | | |
| Letter Briefs Seeking Permission | Opening: 5/22/06<br>Response: 5/30/06<br>Reply: 6/2/06 | Opening: 6/19/06<br>Response: 6/26/06<br>Reply: 6/30/06 |
| Submission of Joint Agenda Identifying Daubert Issues | June 2, 2006 | June 30, 2006 |
| Hearing Concerning Permission to File Summary Judgment Motions | June 8, 2006 | July 7, 2006 |
| Hearing to Discuss Daubert Issues | June 8, 2006 | July 7, 2006 |
| Summary Judgment Briefing | Opening: 6/22/06<br>Response: 7/20/06<br>Reply: 8/3/06 | Opening: 7/21/06<br>Response: 8/15/06<br>Reply: 8/28/06 |
| Summary Judgment Hearing | Sept. 1, 2006 or at Court's discretion | Oct. 17, 2006 or at Court's discretion |
| **Trial Phase** | | |
| Motions in Limine | Opening: 9/22/06<br>Response: 9/29/06<br>Reply: 10/6/06 | Opening: 1/19/07<br>Response: 1/26/07<br>Reply: 2/1/07 |
| Submission of Joint Proposed Pretrial Order | Oct. 30, 2006 | Feb. 13, 2007 |
| Pretrial Conference | Nov. 10, 2006 | Feb. 27, 2007 |
| Trial | Dec. 4, 2006 | Mar. 19, 2007 |