## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN E. LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

March 27, 2006

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 North King Street
Lockbox 19
Wilmington, Delaware 19801

      Re:   *Thermo Finnegan LLC v. Applera Corp.*,
              Civil Action No. 04-1505-GMS

Dear Judge Sleet:

      Applera submits this letter in response to Thermo's letter of March 24, 2006 (D.I. 82), in which Thermo draws the Court's attention to the Federal Circuit's decision in *Atofina v. Great Lakes Chemical Corp.*, C.A. No. 05-1359 (Fed. Cir. Mar. 23, 2006).

      *Atofina* reaffirms the principle underscored in *Phillips* that the intrinsic evidence is the primary source for determining the meaning of a claim limitation to one of ordinary skill in the art:

> Our primary focus in determining the ordinary and customary meaning of a claim limitation is to consider the intrinsic evidence of record, *viz.*, the patent itself, including the claims, the specification and, if in evidence, the prosecution history, from the perspective of one of ordinary skill in the art.

Slip op. at 7. The Federal Circuit adhered to this principle in affirming the district court's construction of the limitation "chromium catalyst" based on statements in the specification and prosecution history. *Id.* at 8-11. As Thermo notes, the Federal Circuit did conclude that it was

YOUNG CONAWAY STARGATT & TAYLOR, LLP
March 27, 2006
Page 2

proper to rely on technical dictionaries to construe the term "catalyst," but it did so "[b]ecause there is no suggestion that the intrinsic evidence defines the term "catalyst...." *Id.* at 8. Here, in contrast, the intrinsic evidence does define the term "capillary electrophoresis" (the Court quoted a definition from the specification of the '654 patent in paragraph 2 of its March 9, 2006 Order), as well as the terms "anions," "target temperature," and others.

*Atofina* also reaffirms the principle that statements by an applicant during prosecution to distinguish claims from prior art may disclaim claim scope, even in instances where the distinction was not "absolutely necessary to avoid particular prior art." *Id.* at 11. This is particularly pertinent in this case to the construction of the phrase "detecting said anions by simultaneously monitoring said sample at two different wavelengths." *See, e.g.,* D.I. 60 at 28.

We are available at the Court's convenience should the Court have any questions on this or any other aspect of the claim construction issues before the Court.

Respectfully submitted,

*Karen L. Pascale*

Karen L. Pascale (No. 2903)

cc: Clerk, U.S. District Court (by e-filing and hand delivery)
Frederick L. Cottrell, III (by e-filing and e-mail) [Cottrell@rlf.com]
Wayne L. Stoner, Esquire (by e-mail) [wayne.stoner@wilmerhale.com]
Richard Goldenberg, Esquire (by e-mail) [richard.goldenberg@wilmerhale.com]
Stephen M. Muller, Esquire (by e-mail) [stephen.muller@wilmerhale.com]