IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERMO FINNIGAN LLC,  Plaintiff and Counterclaim Defendant, | ) ) ) ) ) |
| v. | ) Civil Action No.: 04-1505 (GMS) |
| APPLERA CORPORATION,  Defendant and Counterclaim Plaintiff. | ) ) ) ) ) ) |

## NOTICE OF SUBPOENA DUCES TECUM TO HITACHI AMERICA, LTD.

PLEASE TAKE NOTICE that, pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure and the Subpoena Duces Tecum attached hereto as Exhibit A (the "Subpoena"), third party Hitachi America, Ltd. shall produce for inspection the documents and things set forth in attached Subpoena and Exhibit 3 annexed thereto on May 1, 2006 at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1117 California Avenue, Palo Alto, CA 94304.

*Kelly E. Farnan* (signature)
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kell E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899
Telephone (302) 651-7700
Attorney for Thermo Finnigan LLC

OF COUNSEL:
William F. Lee
Wayne L. Stoner
Stephen M. Muller
Michael R. Dube
Lauren B. Fletcher
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Dated: April 3, 2006

RLF1-2998554-1

# EXHIBIT A

Case 1:04-cv-01505-GMS   Document 86   Filed 04/03/2006   Page 2 of 13

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERMO FINNIGAN LLC,
   Plaintiff and Counterclaim
   Defendant,

V.

APPLERA CORPORATION,
   Defendant and Counterclaim
   Plaintiff.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]

TO: Howard James, Esq.
Hitachi America Ltd.
Hitachi Plz. 2000 Sierra Point Parkway
Brisbane, CA 94005-1835

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit 3

| PLACE Wilmer Cutler Pickering Hale and Dorr LLP<br>1117 California Avenue, Palo Alto, CA 94304 | DATE AND TIME<br>May 1, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Michael Dube, Esq.<br>Wilmer Cutler Pickering Hale and Dorr LLP | DATE |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER 1117 California Avenue<br>Palo, Alto, CA 94304   Attorney for Plaintiff and<br>(617) 526-6420   Coutnerclaim Defendant | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |  |
|---|---|---|---|
| SERVED | Howard James | | by overnight delivery by agreement of the parties |

SERVED ON (PRINT NAME): Michael R. Dube

SERVED BY (PRINT NAME): Michael R. Dube

MANNER OF SERVICE / TITLE: attorney

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3/31/06

SIGNATURE OF SERVER: Michael R. Dube

ADDRESS OF SERVER:
Wilmer Hale
60 State Street
Boston, MA 02109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 1

## INSTRUCTIONS

1. This Request requires you to produce all responsive documents that are in your actual or constructive possession, custody, or control.

2. This Request is continuing so as to require supplemental responses.

3. If you maintain that any document requested is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or doctrine:

   - identify the document including its date, subject, author(s), recipient(s), and all persons who, to your knowledge, have seen it; and

   - specify the nature of the privilege or doctrine you claim and the grounds for claiming it.

4. If you object to any Request or part of any Request, produce all documents to which your objection does not apply.

5. If in answering this Request you claim any ambiguity in either the Request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

6. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

7. If you or your attorney know of the existence, past or present, of any document described in this Request, but such document is not presently in your possession, custody, or control, or in the possession, custody, or control of your agents, representatives, or attorneys, identify the document and the individual in whose possession, custody, or control the document was last known to reside. If the document no longer exists, state when, how, and why the document ceased to exist.

3

8. The documents produced in response to this Request shall be organized and designated to correspond to the categories in this Request or, if not, produced as they are maintained in the normal course of business, and in either case:

- all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;
- all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;
- all photocopies shall be stapled or clipped as the originals; and
- each page shall be given a discrete production number.

9. Produce documents responsive to individual specifications as soon as possible and without waiting to produce documents responsive to other specifications whenever possible.

10. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of the Request any information that might otherwise be considered beyond its scope.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the Request most inclusive.

12. None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request.

## EXHIBIT 2

## DEFINITIONS

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. "Concerning" means relating to, alluding to, referring to, constituting, describing, discussing, evidencing, or regarding.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term.

4. "Person" means any natural person or any business, legal or governmental entity or association and the officers, directors, employees, agents, consultants and attorneys thereof.

5. "Hitachi" means Hitachi America, Ltd., its past or present officers, directors, principals, agents, employees, attorneys, representatives, partners, consultants, corporate parents, predecessors, subsidiaries, affiliates, divisions, or departments, including without limitation Hitachi, Ltd.

6. "Applera" means Applera Corporation, its past or present officers, directors, principals, agents, employees, attorneys, representatives, partners, consultants, corporate parents, predecessors, subsidiaries, affiliates, divisions, or departments, including without limitation Applied Biosystems.

7. "Patent-in-Suit" means United States Patent No. 5,385,654.

5

8. "Accused Product" means the ABI Prism 310 Genetic Analyzer, ABI Prism 3700 DNA Analyzer, ABI Prism 3100 Genetic Analyzer, ABI PRISM 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and Applied Biosystems 3730xl DNA Analyzer, and any other DNA analyzers in ABI's PRISM family of products, including any versions thereof.

# EXHIBIT 3

## REQUESTS FOR PRODUCTION

### Request for Production No. 1

All documents concerning the conception, development, design, engineering, operation, or circuitry of any version of any Accused Product, including without limitation product descriptions or specifications, data sheets, block diagrams, schematics, blueprints, layout diagrams, drawings, photographs, user manuals, instruction manuals, technical manuals, application notes, articles, notes, and laboratory notebooks.

### Request for Production No. 2

All documents constituting or concerning software, firmware, microcode, or any other programming employed by any version of any Accused Product, including without limitation source code, functional code descriptions, specifications, design requirements, comments or notes by software engineers, and software engineering documentation.

### Request for Production No. 3

All documents constituting or concerning communications with customers concerning the design, operation, or use of any version of any Accused Product.

### Request for Production No. 4

With respect to each version of each Accused Product, all documents concerning the manner in which the device is designed to control and/or controls the temperature of a capillary during electrophoresis and the manner in which the device is designed to monitor and/or monitors a sample at different wavelengths.

7

**Request for Production No. 5**

Documents sufficient to show the importation into the United States of any version of any Accused Product manufactured by or on behalf of Applera outside the United States.

**Request for Production No. 6**

All documents constituting or concerning any modification or proposed modification to any version of any Accused Product.

**Request for Production No. 7**

All documents constituting or concerning communications with any person, including without limitation any customer, concerning any modification or proposed modification to any version of any Accused Product.

**Request for Production No. 8**

All documents constituting or concerning any partnerships or joint ventures concerning any version of any Accused Product.

**Request for Production No. 9**

All documents concerning product development of any version of any Accused Product, including without limitation documents constituting or concerning decisions about bringing the product to market.

**Request for Production No. 10**

All documents concerning the non-sale distribution of any version of any Accused Product, including without limitation betas, demos, or evaluations.

**Request for Production No. 11**

All documents constituting or concerning the licensing of any technology incorporated in any version of any Accused Product.

**Request for Production No. 12**

Documents sufficient to show all royalty amounts and royalty payments on any license produced in response to any Thermo Finnigan document request.

**Request for Production No. 13**

All documents constituting or concerning the Patent-in-Suit or this lawsuit.

**Request for Production No. 14**

All documents constituting or concerning any negotiations, discussions, agreements, or contracts constituting or concerning the indemnification of any person that relate in any way to any claim, counterclaim, or defense in this lawsuit.

**Request for Production No. 15**

All documents concerning whether Applera infringed, infringes, and/or is not infringing the Patent-in-Suit, or concerning whether Applera induced, induces, and/or is not inducing infringement of the Patent-in-Suit.

**Request for Production No. 16**

All documents concerning whether Applera willfully infringed, willfully infringes, and/or is not willfully infringing the Patent-in-Suit.

**Request for Production No. 17**

All documents constituting or concerning any attempts by Applera and/or Hitachi or any other person to design around the Patent-in-Suit.

**Request for Production No. 18**

All documents concerning any noninfringing substitutes for the methods and processes claimed by the Patent-in-Suit, and documents sufficient to show in detail each design around, alternative manufacturing process, alternative design and/or alternative technology or method that can be used as a commercial alternative to the patented technology of the Patent-in-Suit.

**Request for Production No. 19**

All documents describing the past and present policies of Hitachi, whether formal or informal, concerning document retention or document destruction.

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filings, and hand delivered, to the following:

>   Josy W. Ingersoll
>   Adam W. Poff
>   Young, Conaway, Stargatt & Taylor, LLP
>   The Brandywine Building
>   1000 West Street, 17th Floor
>   Wilmington, DE  19899-0391

I hereby certify that on April 3, 2006 I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

>   Walter E. Hanley, Jr.
>   James Galbraith
>   Huiya Wu
>   Kenyon & Kenyon
>   One Broadway
>   New York, NY  10004

>   William G. James, II
>   Fred T. Grasso
>   Kenyon & Kenyon
>   1500 K Street N.W., Suite 700
>   Washington, DC  20036

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@RLF.com