# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

April 3, 2006

**BY E-FILING AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

    Re:    *Thermo Finnigan LLC v. Applera Corp.*,
              Civil Action No. 04-1505-GMS

Dear Judge Sleet:

    Pursuant to District of Delaware Local Rule 7.1.2(c), Thermo Finnigan responds to Applera's March 31, 2006 letter to the Court concerning the Federal Circuit's decision in *On Demand Machine Corp. v. Ingram Industries, Inc.*, C.A. Nos. 05-1074, -1075, -110 (Fed. Cir. March 31, 2006) (slip op.).

    *On Demand* does not advance Applera's claim construction positions. In holding that the claim term "customer" was limited to a "retail customer," the Federal Circuit determined that the limitation of the invention to the sale of books to retail purchasers, as opposed to the "remote large-scale production of books for publishers and retailers" was "clearly stated in the specification [] and . . . described as the advantage and distinction of the invention." Slip. op. at 12-13. For example, the specification "distinguishe[d] 'general purpose machines . . . not specifically designed to be consumer operated for the on demand, automatic manufacturing of a single book at the point of sale.'" *Id.* at 12. No such statements of limitation or distinction exist in the patent-in-suit in this case related to the claim construction issues before the Court. Instead, the '654 patent uses terms broadly and without qualification, for example, "common anionic species" and "capillary electrophoresis."

    Moreover, the *On Demand* panel approved of the district court's use of dictionary definitions as a starting point in its construction of the term "sales information," provided those definitions were construed in a manner consistent with their use in the intrinsic record. Slip op. at 8.

The Honorable Gregory M. Sleet
April 3, 2006
Page 2

     As always, if Your Honor has any questions regarding the foregoing, counsel remains available at the Court's convenience.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

FLC/bw
Enclosure
cc:   Clerk, U.S. District Court  (By Hand)
       Josy W. Ingersoll, Esquire  (By Hand)
       Walter E. Hanley, Jr., Esquire  (By Telecopy)
       William G. James, II, Esquire  (By Telecopy)