## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THERMO FINNIGAN LLC,

      Plaintiff and
      Counterclaim-Defendant,

   v.

APPLERA CORPORATION,

      Defendant and
      Counterclaim-Plaintiff.

Civil Action No. 04-1505-GMS

## APPLERA CORPORATION'S RESPONSES AND OBJECTIONS
## TO THERMO FINNIGAN LLC'S NOTICE OF DEPOSITION

Defendant and Counterclaim-Plaintiff Applera Corporation ("Applera"), by its

undersigned counsel, hereby objects and responds to Plaintiff and Counterclaim-Defendant

Thermo Finnigan LLC's ("Thermo") Notice of Deposition dated January 4, 2006 ("Thermo's

Notice").

### GENERAL OBJECTIONS

1.      Applera objects to Thermo's Notice topics to the extent that they impose

obligations on Applera that exceed or are different from the obligations imposed by the Federal

Rules of Civil Procedure and/or by the Local Rules of the United States District Court for the

District of Delaware.  Applera will comply with the Federal Rules of Civil Procedure and by the

Local Rules of the United States District Court for the District of Delaware.

2.      Applera objects to Thermo's Notice topics to the extent that they seek information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

3.      Applera objects to Thermo's Notice topics as overly broad and unduly burdensome to the extent they seek information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Applera objects to Thermo's Notice topics to the extent that they are unduly burdensome and oppressive to the extent they seek information that is duplicative of information already provided *via* other methods of discovery in this action.

5.      Applera objects to Thermo's Notice topics to the extent that they seek discovery of information that is available from public sources.

6.      Applera objects to Thermo's Notice topics to the extent that they seek discovery of information that is not within Applera's possession, custody, or control or the location of individuals unrelated to Applera.  Applera's responses will be based on information within Applera's possession, custody, or control, including Applera's knowledge of same.

7.      Applera objects to Thermo's Notice topics to the extent that they are overbroad and fail to set forth with reasonable particularity the information requested.

8.      Applera objects to Thermo's Notice topics to the extent that they are ambiguous, vague, or otherwise incomprehensible.

9.      Applera objects to Thermo's Notice topics as overly broad, unduly burdensome and oppressive to the extent they fail to specify any relevant time period, and thus are not limited

2

to events relevant to the claim or defense of any party or the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Applera objects to Thermo's Notice topics to the extent that they are compound topics containing discrete and distinct subparts that seek separate and independent information.

11.     Applera objects to Thermo's Notice topics as overly broad to the extent they seek the identity of three persons with knowledge of a discrete topic and/or subject matter.

12.     Applera objects to Thermo's Notice topics to the extent that they seek to establish that information responsive to each request actually exists. By stating that Applera will endeavor to produce a witness competent to testify on a topic, Applera does not represent Applera has any relevant information on the topic, but merely that Applera's designated witness or witnesses will testify, subject to any applicable objections, to the extent Applera actually has any such information.

13.     Applera objects to Thermo's Notice topics to the extent that they mischaracterize or purport to assume as correct any fact or law in this litigation.

14.     Applera objects to the Definitions to the extent that they characterize anything which may be an issue of fact or law in this litigation.

15.     Applera objects to Thermo's definition of "Applera" and "Defendant" as overly broad and unduly burdensome to the extent it seeks the disclosure of information that are not within the possession, custody or control of Applera.

16.     Applera objects to Thermo's definition of "License" and "Licensee" to the extent it calls for the disclosure of information that is not within Applera's possession, custody or control.

17.     Applera objects to Thermo's definition of "Applera Product" as overly broad and unduly burdensome and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

18.     Applera objects to Thermo's definition of "Defendant's Accused Product" as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks information concerning any device other than the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer.  Applera also objects to this definition as seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the disclosure of information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case.

19.     Applera objects to Thermo's Notice topics to the extent that they seek expert testimony from a layperson or fact witness.

20.     Applera expressly incorporates the above General Objections as though set forth fully in response to each of the following individual responses and, to the extent that they are not raised by any particular response, Applera does not waive those objections.

4

## SPECIFIC OBJECTIONS AND RESPONSES

**A.    Defendant's Accused Products**

**Topic No. 1**

By name, model number, and any other relevant designation, the identity of each Defendant's Accused Product, including each version thereof. This includes any Applera product that itself incorporates or includes a Defendant's Accused Product, such as being sold with, incorporated within, or attached to a Defendant's Accused Product. This includes without limitation each any every separate product identified in response to Thermo Interrogatory No. 1.

**Response to Topic No. 1**

Applera objects to the phrases "other relevant designation," "incorporates or includes," "incorporated within, or attached to," and "each version" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also object to this topic to the extent that it seeks "*any* . . . designation" as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant,

non-privileged Applera information on the name and model number of ABI PRISM® 310

Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic

Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730

DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer.

**Topic No. 2**

Separately for each product identified under Topic 1, the conception, development, design, engineering, operation, and programming of such product, including without limitation its software.

**Response to Topic No. 2**

Applera objects to the phrase "conception, development, design, engineering,

operation, and programming" as vague, ambiguous, overly broad, unduly burdensome, and

seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence. Applera also objects to this topic to the extent it seeks information

that is not within Applera's possession, custody, or control. Applera further objects to this

topic to the extent that it seeks information concerning any device other than capillary

electrophoresis devices sold by Applera during the time period for which damages are

recoverable in this case as overly broad, unduly burdensome, and seeking information that

is neither relevant to the claim or defense of any party or the subject matter involved in this

action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as non-privileged

Applera information on the conception, development, design, and operation of the relevant

portions of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer,

the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer,

the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA
Analyzer.

## Topic No. 3

Separately for each Defendant's Accused Product, a detailed description of any differences from the first version of such product to each and every later version. This includes without limitation a detailed description of each and every change made to any Defendant's Accused Product as compared to any other Defendant's Accused Product.

## Response to Topic No. 3

Applera objects to the phrases "detailed description," "differences," "later version," "change made," "as compared to any other" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent it seeks information on "*any* differences" and "*each and every* change" as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent it seeks information that is subject to attorney-client privilege or attorney work-product doctrine or is otherwise immune of protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to non-privileged Applera information on the relevant of structure and operation of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 4**

Separately for each Defendant's Accused Product, any and all modification(s) or change(s) made to the operation of such Product by or for any customer.

**Response to Topic No. 4**

Applera objects to the phrases "modification(s) or change(s)" and "made to the operation of such Product" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent it seeks information on "*any and all* modification(s) or change(s)" and "modification(s) or change(s) made . . . by . . . any customer" as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the

8

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Applera also objects to this topic to the extent it seeks information

that is subject to attorney-client privilege or attorney work-product doctrine or is otherwise

immune of protected from discovery.  Applera further objects to this topic to the extent it

seeks information that is not within Applera's possession, custody, or control.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to relevant,

non-privileged Applera information on factory modifications of the ABI PRISM® 310

Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic

Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730

DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer, from December 8,

1998, through January 31, 2003.

### Topic No. 5

Separately for each Defendant's Accused Product, the instances and ways in which
Defendant's customers set up, test, and/or use such Product.  This includes without
limitation all communications between Defendant and customers concerning the same.

### Response to Topic No. 5

Applera objects to the phrases "instances and ways" and "setup, test, and/or use" as

vague, ambiguous, overly broad, unduly burdensome, and seeking information that is

neither relevant to the claim or defense of any party or the subject matter involved in this

action, nor reasonably calculated to lead to the discovery of admissible evidence.  Applera

further objects to this topic to the extent that it seeks information on "instances and ways in

which Defendant's customers set up, test, and/or use such Product" that were not

performed or recommended by Applera as seeking information that is neither relevant to the

claim or defense of any party or the subject matter involved in this action, nor reasonably

9

calculated to lead to the discovery of admissible evidence.  Applera also objects to this topic

to the extent it seeks information on "*all* communications" as overly broad, unduly

burdensome, and seeking information that is neither relevant to the claim or defense of any

party or the subject matter involved in this action, nor reasonably calculated to lead to the

discovery of admissible evidence.  Applera further objects to this topic to the extent that it

seeks information concerning any device other than capillary electrophoresis devices sold

by Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence.  Applera also objects to this topic to the

extent it seeks information that is not within Applera's possession, custody, or control.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to relevant,

non-privileged Applera information on installation of the ABI PRISM® 310 Genetic

Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer,

the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA

Analyzer, and the Applied Biosystems 3730xl DNA Analyzer by Applera for customers,

and the operation of these systems from December 8, 1998, through January 31, 2003.

**Topic No. 6**

Separately for each Defendant's Accused Product, the instances and ways in which
Defendant set up, test, and/or use such Product.

**Response to Topic No. 6**

Applera objects to the phrases "instances and ways" and "set up, test, and/or use" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on the use and operation of relevant portions of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 7**

To the extent not covered by previous Topics, and separately for each Defendant's Accused Product, a detailed description of:

    i.     the manner in which each such product controls the temperature of a capillary during electrophoresis.

    ii.    the manner in which each such product monitors a sample at different wavelengths.

    iii.   The characteristics and composition of the sample.

iv.   The composition, characteristics, purpose, and operation of the electroosmotic flow modifier.

v.    the manner in, and extent to which, any customer can or does alter the operation of each such product so as to effect items (i) or (ii).

**Response to Topic No. 7**

Applera objects to this topic to the extent it calls for expert testimony or a legal conclusion from a layperson or fact witness in interpreting claim terms of the '654 patent that have yet to be construed. Applera also objects to this topic to the extent it seeks information on the "extent to which, *any customer* can or does alter the operation" as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to the phrase "the manner in which each such product monitors a sample at different wavelengths" to the extent it embraces anything other than the monitoring described in the '654 patent, as seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to the phrase "electroosmotic flow modifier" to the extent it embraces anything other than the meaning provided in the '654 patent, as seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. Applera further objects to this topic to the extent it seeks information that is not within Applera's possession, custody, or control.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on operation of relevant portions of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer, and the use of Applera's POP polymers in the above-identified devices.

## Topic No. 8

Separately for each version of each Defendant's Accused Product, the identity by Bates number of documents sufficient to corroborate the testimony on Topics 1-7.

## Response to Topic No. 8

Applera objects to producing a witness to testify regarding the identity of documents "sufficient to corroborate the testimony" as calling for Applera to perform and/or disclose legal analyses that are protected from discovery under the work product immunity. Applera also objects to the phrase "each version" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will permit witnesses who are produced to testify about Topics Nos. 1-7 to also testify regarding the existence of any relevant documents of which they are aware or on which they rely in their testimony regarding such topics.

**Topic No. 9**

Separately for each version of each Defendant's Accused Product, the identity and location of documents (including electronic documents) that relate to Topics 1-7.

**Response to Topic No. 9**

Applera objects to the phrases "each version" and "that relate to Topics 1-7" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections, the foregoing specific objections, and the specific objections set forth in its Responses to Topic Nos. 1-7, and to the extent Applera produces one or more witnesses to testify in response to Topic Nos. 1-7, Applera will also permit such witnesses to testify as to the identity and location of relevant, non-privileged documents relating to that testimony.

**Topic No. 10**

Separately for each Defendant's Accused Product, the role and involvement in the design of such product by each Person identified in response to Thermo Interrogatory Nos. 4 and 9.

**Response to Topic No. 10**

Applera objects to the phrase "role and involvement in the design . . . by each Person" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information concerning the role and involvement in any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on Kevin Hennessy's and Eric Nordman's roles in the design of the relevant portions of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer.

**Topic No. 11**

The identity by Bates number, and an explanation of, the organizational charts of Applera that relate to Topics 1-7.

**Response to Topic No. 11**

Applera objects to the phrase "organizational charts . . . that relate to Topics 1-7" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on existing Applera organizational charts for the design, structure, operation, and use of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM®

3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the

Applied Biosystems 3730xl DNA Analyzer.

**Topic No. 12**

Separately for each version of each Defendant's Accused Product, the identity by
Bates number of documents sufficient to corroborate the testimony on Topic 7.

**Response to Topic No. 12**

Applera objects to this topic as duplicative of Topic 8. See the Response to Topic 8.

**Topic No. 13**

The business or financial relationship between Defendant and any non-employee
Person with respect to any product or service provided by or on behalf of such Person that
concerns the design, engineering, operation, or programming of any Defendant's Accused
Product.

**Response to Topic No. 13**

Applera objects to the phrases "business or financial relationship," "any product or

service provided by or on behalf of," and "that concerns the design, engineering,

operation, or programming" as vague, ambiguous, overly broad, unduly burdensome, and

seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence. Applera further objects to this topic to the extent that it seeks

information concerning any device other than capillary electrophoresis devices sold by

Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence. Applera also objects to this topic to the

extent it seeks information that is not within Applera's possession, custody, or control.

16

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to relevant,

non-privileged Applera information on the business relationship between Applera and

Hitachi relating to the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-

Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied

Biosystems 3730xl DNA Analyzer.

**Topic No. 14**

A detailed description of any and all efforts by Defendant to change the design of
any Defendant's Accused Product after learning of the '654 Patent. This includes without
limitation any changes to any Defendant's Accused Product that Defendant made, are
making, or contemplated making, after Defendant learned of the '654 Patent.

**Response to Topic No. 14**

Applera objects to the phrases "learning of the '654 Patent" and "learned of the

'654 Patent" as vague and ambiguous, and, to the extent that those phrases encompass

having awareness of the mere existence of the '654 patent but not knowledge of its

contents, as overly broad in seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence. Applera also objects to this topic to the

extent that it encompasses the time period following the January 31, 2003 expiration of the

'654 patent as overly broad in seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence

Applera also objects to this topic to the extent that it seeks information concerning

any device other than capillary electrophoresis devices sold by Applera during the time

period for which damages are recoverable in this case as overly broad, unduly burdensome,

and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent it seeks information that is subject to attorney-client privilege or attorney work-product doctrine or is otherwise immune of protected from discovery.

**Topic No. 15**

Any design around and/or alternative technology or method that could be used as a commercially viable alternative to the patented technology.

**Response to Topic No. 15**

Applera objects to the phrases "design around and/or alternative technology or method," and "that could be used as a commercially viable alternative" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to the phrase "the patented technology" to the extent that it embraces anything other than the subject matters of claims 11 and 15 and, in the absence of a *Markman* ruling by the Court, to the extent it embraces subject matters not encompassed by Applera's proposed constructions of those claims, as seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic as overly broad, unduly burdensome and oppressive to the extent it fails to specify any relevant time period, and thus is not limited to events relevant to the claim or defense of any party or the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Applera further objects to this topic to the extent it seeks information that is subject to attorney-client privilege or attorney work-product doctrine or is otherwise immune of protected from discovery. Applera also objects to this topic to the extent it seeks information that is not within Applera's possession, custody, or control.

**Topic No. 16**

Separately for each Additional Defendant's Product, a basic description of the product, its purpose, and its operation.

**Response to Topic No. 16**

Applera objects to the phrases "each Additional Defendant's Product" and "a basic description of the product, its purpose, and its operation" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on the structure and operation of products sold with the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the

Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA

Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 17**

Separately for each Defendant's Service, a basic description of the service and its
purpose.

**Response to Topic No. 17**

Applera objects to the phrases "each Defendant's Service" and "a basic description
of the service and its purpose" as vague, ambiguous, overly broad, unduly burdensome, and
seeking information that is neither relevant to the claim or defense of any party or the
subject matter involved in this action, nor reasonably calculated to lead to the discovery of
admissible evidence.  Applera also objects to this topic to the extent that it seeks
information concerning any device other than capillary electrophoresis devices sold by
Applera during the time period for which damages are recoverable in this case as overly
broad, unduly burdensome, and seeking information that is neither relevant to the claim or
defense of any party or the subject matter involved in this action, nor reasonably calculated
to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing
specific objections, Applera will produce one or more witnesses to testify as to relevant,
non-privileged Applera information on the types of services sold with the ABI PRISM® 310
Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic
Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730
DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer from December 8,
1998, through January 31, 2003.

**Topic No. 18**

Separately for each Topic, the identity of 3 Defendant's employees or former employees most knowledgeable about Topics 1-18.

**Response to Topic No. 18**

Applera objects to the phrase "most knowledgeable about Topics 1-18" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent it seeks information that is not within Applera's possession, custody, or control. Applera further objects to this topic as overly broad to the extent it seeks the identity of three persons with knowledge of Topics 1-18.

Subject to, and without waiver of, Applera's General Objections, the foregoing specific objections, and the specific objections set forth in its Responses to Topic Nos. 1-18, and to the extent Applera produces one or more witnesses to testify in response to Topic Nos. 1-18, Applera will permit such witnesses to testify as to individuals having knowledge about the subject matter of that testimony.

**B.     Sales and Marketing**

**Topic No. 19**

Additional details and explanation concerning the response to Thermo Interrogatory No. 5, including without limitation (a) the method by which Defendant's identified the accused products, and (b) the policies, procedures, practices, and conclusions of Defendant in calculating and accounting for unit sales, revenue, costs, and profit.

**Response to Topic No. 19**

Applera objects to the phrases "[a]dditional details and explanation concerning the response to Thermo Interrogatory No. 5," "method by which Defendant[] identified the accused products," and "the policies, procedures, practices, and conclusions of Defendant in calculating and accounting for" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent that it seeks information concerning any device other than capillary electrophoresis devices sold by Applera during the time period for which damages are recoverable in this case as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent it seeks information that is subject to attorney-client privilege or attorney work-product doctrine or is otherwise immune of protected from discovery. Applera also objects to this topic to the extent that it seeks seek expert testimony from a layperson or fact witness.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on Applera's accounting of unit sales, dollar sales, costs, profits, and losses for the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 20**

       To the extent not duplicative of Topic 19, any policy or method of accounting relevant to the sale of any Defendant's Accused Product.

**Response to Topic No. 20**

       Applera objects to the phrases "any policy or method of accounting" and "relevant to the sale of" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

       Subject to, and without waiver of, Applera's General Objections, the foregoing specific objection, and the specific objections set forth in its Response to Topic No. 19, and to the extent Applera produces one or more witnesses to testify in response to Topic No. 19, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on Applera's accounting method for sales of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 21**

       A general history of the development, sales, and marketing of all Defendant's capillary electrophoresis and DNA sequencing products and product lines (whether accused or not).

**Response to Topic No. 21**

       Applera objects to the phrase "general history" as vague and ambiguous, and, depending on the intended breadth and detail of the information sought, as overly broad and

unduly burdensome in encompassing information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic, depending on the intended breadth and detail of the information sought, to the extent that it seeks information on "*all* of all Defendant's capillary electrophoresis and DNA sequencing products and product lines" as overly broad and unduly burdensome in encompassing information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will also produce one or more witnesses having knowledge or information sufficient to testify, on at least an overview level of breadth and detail, in response to questions regarding the history of Applera's capillary electrophoresis and DNA sequencing products and product lines.

## Topic No. 22

A history of Defendant's conduct and analysis in marketing, promoting, distributing, and/or pricing any product that constitutes or incorporates a Defendant's Accused Product. This includes without limitation:

a. The non-sale distribution of each of Defendant's Accused Products, for examples as betas, demos, or evaluations.
b. Pricing decisions for list price, retail price, preferential pricing, discounting structures or schedules, OEM prices, volume discounts, and bundled pricing.
c. The history of how each Defendant's Accused Product was "brought to market" including beta testing, market and pricing analysis, determination of product operation and characteristics, and distribution.
d. Naming and/or branding decisions.
e. Overall marketing plans and strategies of Defendant that in any way relate to the Defendant's Accused Products.
f. Business plans and forecasts for Defendant's Accused Products in particular and capillary electrophoresis and DNA sequencing products generally.

g.   Any and all description or analysis of the market for Defendant's Accused
     Products.
h.   The content and meaning of organizational charts of Defendant sufficient
     to show the organizational structure for marketing, sales, and pricing
     decisions.

**Response to Topic No. 22**

Applera objects to the phrases "history . . . of conduct and analysis," "any product

that constitutes or incorporates a Defendant's Accused Product," "[p]ricing decisions,"

"[o]verall marketing plans and strategies of Defendant that in any way relate to the

Defendant's Accused Products," and "[a]ny and all description or analysis of the market

for Defendant's Accused Products" as vague, ambiguous, overly broad, unduly

burdensome, and seeking information that is neither relevant to the claim or defense of any

party or the subject matter involved in this action, nor reasonably calculated to lead to the

discovery of admissible evidence.  Applera further objects to subtopic (d) as seeking

information that is neither relevant to the claim or defense of any party or the subject matter

involved in this action, nor reasonably calculated to lead to the discovery of admissible

evidence  Applera also objects to this topic to the extent that it seeks information

concerning any device other than capillary electrophoresis devices sold by Applera during

the time period for which damages are recoverable in this case as overly broad, unduly

burdensome, and seeking information that is neither relevant to the claim or defense of any

party or the subject matter involved in this action, nor reasonably calculated to lead to the

discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will also produce one or more witnesses to testify as to

relevant, non-privileged Applera information on the marketing, promotion, distribution, and

pricing of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer,

the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer,

the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA

Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 23**

The actual and forecasted market share from January 31, 1995 to January 31, 2003
of any and all Defendant's Accused Products, including without limitation the method of
determining such market share.

**Response to Topic No. 23**

Applera objects to the phrase "actual and forecasted market share . . . of any and all

Defendant's Accused Products" as vague, ambiguous, overly broad, unduly burdensome,

and seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Applera also objects to this topic to the extent that it seeks

information concerning any device other than capillary electrophoresis devices sold by

Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence.  Applera specifically objects to the time

span for which information is sought under this topic.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will also produce one or more witnesses to testify as to

relevant, non-privileged Applera information on the actual and forecasted market shares of

the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI

PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the

Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA

26

Analyzer, and Applera's method for determining those market shares, for the time period

from December 8, 1998, through January 31, 2003.

## Topic No. 24

Separately for each Defendant's Accused Product, Defendant's projected
revenues, projected costs, and projected profits, from January 31, 1995 to January 31, 2003,
including Defendant's methods of projecting.

## Response to Topic No. 24

Applera objects to the phrase "methods of projecting" as vague, ambiguous, overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence. Applera also objects to this topic to the

extent that it seeks information concerning any device other than capillary electrophoresis

devices sold by Applera during the time period for which damages are recoverable in this

case as overly broad, unduly burdensome, and seeking information that is neither relevant

to the claim or defense of any party or the subject matter involved in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Applera specifically

objects to the time span for which information is sought under this topic.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will also produce one or more witnesses to testify as to

relevant, non-privileged Applera information on the projected revenues, projected costs,

and projected profits of the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700

DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant

Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied

Biosystems 3730xl DNA Analyzer, and Applera's method for determining those projected

revenues, projected costs, and projected profits, for the time period from December 8, 1998,

through January 31, 2003.

**Topic No. 25**

The identity, by Bates number, of documents sufficient to corroborate the
testimony on Topics 19-24.

**Response to Topic No. 25**

Applera objects to producing a witness to testify regarding the identity of documents

"sufficient to corroborate the testimony" as calling for Applera to perform and/or disclose

legal analyses that are protected from discovery under the work product immunity.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will permit witnesses who are produced to testify about Topic

Nos. 19-24 to also testify regarding the existence of any relevant documents of which they

are aware or on which they rely in their testimony regarding such topics.

**Topic No. 26**

Separately for each Additional Defendant's Product, how such product is sold,
offered for sale, promoted, distributed, and/or marketed with a Defendant's Accused
Product.

**Response to Topic No. 26**

Applera objects to the phrases "each Additional Defendant's Product" and "how

such product is sold, offered for sale, promoted, distributed, and/or marketed with a

Defendant's Accused Product" as vague, ambiguous, overly broad, unduly burdensome, and

seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Applera also objects to this topic to the extent that it seeks

information concerning any device other than capillary electrophoresis devices sold by

Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to relevant,

non-privileged Applera information on the sale, marketing, and distribution of products sold

with the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the

ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the

Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA

Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 27**

Separately for each Defendant's Service, how such Service is sold, offered for
sale, promoted, distributed, and/or marketed with a Defendant's Accused Product.

**Response to Topic No. 27**

Applera objects to the phrases "each Additional Defendant's Service" and "how

such Service is sold, offered for sale, promoted, distributed, and/or marketed with a

Defendant's Accused Product" as vague, ambiguous, overly broad, unduly burdensome,

and seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Applera also objects to this topic to the extent that it seeks

information concerning any device other than capillary electrophoresis devices sold by

Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated

to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to relevant,

non-privileged Applera information on the sale, marketing, and distribution of services sold

with the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the

ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the

Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA

Analyzer from December 8, 1998, through January 31, 2003.

## Topic No. 28

Separately for each Additional Defendant's Product, and Defendant's Service,
how Defendants account for the unit sales, revenue, costs, and profits of such
product/service in conjunction with the unit sales, revenue, cost, and profits of each
Defendant's Accused Product.

## Response to Topic No. 28

Applera objects to the phrases "each Additional Defendant's Service," "Defendant's

Service" and "in conjunction with the unit sales, revenue, cost, and profits of each

Defendant's Accused Product" as vague, ambiguous, overly broad, unduly burdensome,

and seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Applera also objects to this topic to the extent that it seeks

information concerning any device other than capillary electrophoresis devices sold by

Applera during the time period for which damages are recoverable in this case as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claim or

defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on Applera's accounting of unit sales, revenue, costs, and profits for products or services sold with the ABI PRISM® 310 Genetic Analyzer, the ABI PRISM® 3700 DNA Analyzer, the ABI PRISM® 3100 Genetic Analyzer, the ABI PRISM® 3100-Avant Genetic Analyzer, the Applied Biosystems 3730 DNA Analyzer, and the Applied Biosystems 3730xl DNA Analyzer from December 8, 1998, through January 31, 2003.

**Topic No. 29**

Separately for each Topic, the identity of 3 Defendant's employees or former employees most knowledgeable about Topics 19-28.

**Response to Topic No. 29**

Applera objects to the phrase "most knowledgeable about Topics 19-28" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Applera also objects to this topic to the extent it seeks information that is not within Applera's possession, custody, or control.  Applera further objects to this topic as overly broad to the extent it seeks the identity of three persons with knowledge of Topics 19-28.

Subject to, and without waiver of, Applera's General Objections, the foregoing specific objections, and the specific objections set forth in its Responses to Topic Nos. 19-28, and to the extent Applera produces one or more witnesses to testify in response to Topic

Nos. 19-28, Applera will also permit such witnesses to testify as to individuals having

knowledge about the subject matter of that testimony.

## C.     Licenses

### Topic No. 30

Defendant's customs, practices, and policies (whether formal or informal) for
negotiating and entering patent licenses and cross-licenses (both "licensing-in" and
"licensing-out").

### Response to Topic No. 30

Applera objects to the phrase "Defendant's customs, practices, and policies

(whether formal or informal)" as vague, ambiguous, overly broad, unduly burdensome, and

seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Applera further objects to this topic to the extent that it seeks

information that is subject to the attorney-client privilege or the attorney work-product

immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to non-

privileged Applera information on Applera's policy, practice, or custom for negotiating

and entering patent licenses and cross-licenses in the field of capillary electrophoresis and

DNA sequencing from January 31, 1995, through January 31, 2003.

### Topic No. 31

Defendant's customs, practices, and policies (whether formal or informal) for
negotiating and entering licenses and cross-licenses concerning capillary electrophoresis
and/or DNA sequencing.

**Response to Topic No. 31**

Applera objects to the phrase "Defendant's customs, practices, and policies (whether formal or informal)" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Applera further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to non-privileged Applera information on Applera's policy, practice, or custom for negotiating and entering patent licenses and cross-licenses in the field of capillary electrophoresis and DNA sequencing from January 31, 1995, through January 31, 2003.

**Topic No. 32**

The identity, by Bates number, of any Defendant's license (license in or license out) that constitutes or concerns capillary electrophoresis and/or DNA sequencing.

**Response to Topic No. 32**

Applera objects to the phrase "Defendant's license . . . that constitutes or concerns capillary electrophoresis and/or DNA sequencing" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Applera further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

33

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to non-privileged Applera information on the identity of Applera's licenses relating to capillary electrophoresis or DNA sequencing entered into from January 31, 1995, through January 31, 2003.

**Topic No. 33**

Separately by year, the royalties and royalty rates paid and/or received on each license identified in Topic 32.

**Response to Topic No. 33**

Subject to, and without waiver of, Applera's General Objections and the specific objections set forth in its Response to Topic No. 32, Applera will produce one or more witnesses to testify as to non-privileged Applera information on the royalty rates and the royalties paid or received on Applera's licenses relating to capillary electrophoresis or DNA sequencing entered into from January 31, 1995, through January 31, 2003.

**Topic No. 34**

The identity by Bates number of all Licenses entered into by any Defendant.

**Response to Topic No. 34**

Applera objects to the phrase "all Licenses entered into by any Defendant" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing

specific objections, Applera will produce one or more witnesses to testify as to non-

privileged Applera information on the identity of Applera's licenses relating to capillary

electrophoresis or DNA sequencing entered into from January 31, 1995, through January

31, 2003.

**Topic No. 35**

Separately by year, the royalties and royalty rates paid and/or received on each
license identified in Topic 34.

**Response to Topic No. 35**

Subject to, and without waiver of, Applera's General Objections and the specific

objections set forth in its Response to Topic No. 34, Applera will produce one or more

witnesses to testify as to non-privileged Applera information on the royalty rates and the

royalties paid or received on Applera's licenses relating to capillary electrophoresis or

DNA sequencing entered into from January 31, 1995, through January 31, 2003.

**Topic No. 36**

Any industry customs, practices, or policies with respect to licensing that
Defendant's contend are relevant to this lawsuit.

**Response to Topic No. 36**

Applera objects to the phrase "[a]ny industry customs, practices, and policies with

respect to licensing" as vague, ambiguous, overly broad, unduly burdensome, and seeking

information that is neither relevant to the claim or defense of any party or the subject matter

involved in this action, nor reasonably calculated to lead to the discovery of admissible

evidence.  Applera also objects to this topic to the extent that it seeks seek expert testimony

from a layperson or fact witness.  Applera further objects to this topic to the extent that it

seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to non-privileged Applera information on relevant industry policies, practices, or customs for negotiating and entering patent licenses in the field of capillary electrophoresis and DNA sequencing from January 31, 1995, through January 31, 2003.

**Topic No. 37**

Any negotiations, discussions, agreements, or contracts concerning the indemnification of any Person that relate in any way to any claim, counterclaim, or defense in this lawsuit.

**Response to Topic No. 37**

Applera objects to the phrases "[a]ny negotiations, discussions, . . . concerning the indemnification," "of any Person," and "that relate in any way to any claim, counterclaim, or defense" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Applera also objects to this topic to the extent it seeks information that is not within Applera's possession, custody, or control.

**Topic No. 38**

Separately for each Topic, the identity of 3 Defendant's employees or former employees most knowledgeable about Topics 30-37.

**Response to Topic No. 38**

Applera objects to the phrase "most knowledgeable about Topics 30-37" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither

relevant to the claim or defense of any party or the subject matter involved in this action,

nor reasonably calculated to lead to the discovery of admissible evidence.  Applera also

objects to this topic to the extent it seeks information that is not within Applera's

possession, custody, or control.  Applera further objects to this topic as overly broad to the

extent it seeks the identity of three persons with knowledge of Topics 30-37.

Subject to, and without waiver of, Applera's General Objections, the foregoing

specific objections, and the specific objections set forth in its Responses to Topic Nos. 30-

37, and to the extent Applera produces one or more witnesses to testify in response to Topic

Nos. 30-37, Applera will also permit such witnesses to testify as to individuals having

knowledge about the subject matter of that testimony.


**D.    Willful Infringement**

**Topic No. 39**

The individuals at Applera who first became aware of the '654 Patent, how such
awareness came about, and any action taken in response.  This includes, without
limitation, detailed information about the prosecution of U.S. Patent No. 6,372,106.

**Response to Topic No. 39**

Applera objects to the phrases "became aware" and "awareness" as vague and

ambiguous, and, to the extent that these phrases are intended to mean having mere

awareness of the existence of the '654 patent without having knowledge of its contents, as

seeking information that is neither relevant to the claim or defense of any party or the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  To the extent that being "aware" of the '654 patent means having

knowledge of its contents, Applera also objects to this topic as seeking information that is

subject to the attorney-client privilege or the attorney work-product immunity doctrine,

inasmuch as Applera's first knowledge of the contents of the '654 patent was gained after this suit was commenced through consultation with counsel.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to relevant, non-privileged Applera information on how Applera became aware of the mere existence '654 patent, which will encompass testimony regarding the prosecution of U.S. Patent No. 6,372,106.

**Topic No. 40**

Any and all analysis, investigation, or discussion undertaken to determine infringement, validity, or enforceability of the '654 Patent.

**Response to Topic No. 40**

Applera objects to this topic as seeking information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

**Topic No. 41**

Any and all advice of counsel sought or received with respect to infringement, validity, or enforceability of the '654 Patent.

**Response to Topic No. 41**

Applera objects to this topic as seeking information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

**Topic No. 42**

Any and all communications to, from, or about any counsel referenced in Topic 41.

**Response to Topic No. 42**

Applera objects to this topic as seeking information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

**Topic No. 43**

Any communications within or between Defendant and/or counsel, concerning Topics 39-42.

**Response to Topic No. 43**

Applera objects to this topic as seeking information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

**Topic No. 44**

Any policy, practice, or custom of Defendant that concerns investigating allegations of patent infringement.

**Response to Topic No. 44**

Applera objects to this topic as overly broad and unduly burdensome and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, inasmuch as no allegation of patent infringement was made in this case prior to the filing of the Complaint and by that time the '654 patent had long expired.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to non-privileged Applera information on Applera's policy, practice, or custom for investigating allegations of patent infringement.

**Topic No. 45**

Any policy, practice, or custom of Defendant that concerns becoming and/or staying informed about patents that issue in the field of capillary electrophoresis.

**Response to Topic No. 45**

Applera objects to this topic as overly broad and unduly burdensome and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks "[a]ny" policy, practice, or custom. Applera further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, Applera will produce one or more witnesses to testify as to non-privileged Applera information on Applera's policy, practice, or custom for monitoring patents in the field of capillary electrophoresis.

**Topic No. 46**

Separately for each Topic, the identity of 3 Defendant's employees or former employees most knowledgeable about Topics 39-45.

**Response to Topic No. 46**

Applera objects to the phrase "most knowledgeable about Topics 39-45" as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Applera also objects to this topic to the extent it seeks information that is not within Applera's

40

possession, custody, or control. Applera further objects to this topic as overly broad to the extent it seeks the identity of three persons with knowledge of Topics 39-45. Applera also objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, Applera's General Objections and the foregoing specific objections, and to the extent Applera will provide testimony as set forth in its Responses to Topic Nos. 39-45, Applera will also permit such witnesses to testify as to individuals having knowledge about the subject matter of that testimony.

Dated: April 11, 2006

Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Adam W. Poff (#3990) [apoff@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672

Walter E. Hanley, Jr.
James Galbraith
Huiya Wu
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

William G. James
Fred T. Grasso
KENYON & KENYON LLP
1500 K Street N.W., Suite 700
Washington, D.C.  20036
(202) 220-4200

*Attorneys for Defendant and Counterclaim Plaintiff, Applera Corporation*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on April 11, 2006, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Frederick L. Cottrell, III [cottrell@rlf.com]
> Kelly E. Farnan [farnan@rlf.com]
> RICHARDS, LAYTON & FINGER
> One Rodney Square
> Wilmington, Delaware  19801

I further certify that on April 11, 2006, I caused a copy of the foregoing document to be

served by hand delivery and e-mail on the above-listed counsel of record and on the following

non-registered participants in the manner indicated:

> ***By E-Mail and FedEx***
>
> Wayne L. Stoner [wayne.stoner@wilmerhale.com]
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> *Karen L. Pascale*
> _____
> Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
> Karen L. Pascale (No. 2903) [kpascale@ycst.com]
> Adam W. Poff  (No. 3990) [apoff@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> *Attorneys for Defendant and Counterclaim Plaintiff,*
> *Applera Corporation*